IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEEROY JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 2:16-cv-943-WHA-WC |
| v. | ) |
| | ) |
| DARBY WRIGHT, | ) |
| | ) |
| Defendant. | ) |

# ORDER AND
# RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 6, 2016, Plaintiff filed this suit regarding an alleged altercation occurring on the premises of "Wind Creek Casino in Montgomery, Alabama." *See* Compl. (Doc. 1) at 2-3. On December 8, 2016, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for "recommendation or action on all pretrial matters." Because Plaintiff has requested leave to proceed *in forma pauperis*, Pl.'s Mot. (Doc. 2), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)-(iii). In addition to § 1915(e) review, a district court may, at any time, *sua sponte* consider whether it has subject matter jurisdiction over Plaintiff's claims. Fed. R. Civ. P. 12(h)(3);

*Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010). If a district court determines that subject matter jurisdiction is lacking, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). After a careful review of Plaintiff's complaint, the undersigned concludes that this court does not have subject matter jurisdiction over Plaintiff's claim. Therefore, the undersigned concludes that Plaintiff's complaint is due to be dismissed prior to service of process for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332; *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (noting that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff"). "Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (noting that "[a]n insubstantial federal question is one that is either obviously without merit, or one that is clearly foreclosed by previous Supreme Court decisions").

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such

"'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. Of Escambia, Fl.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Here, the court does not have subject matter jurisdiction to hear Plaintiff's claim.[1] The factual basis for Plaintiff's complaint is as follows, in its entirety:

> Mr. Darby and myself got into an altercation[.] Mr. Darby grabbed me and I tried to get away and then he hit me in the eye. Then the security guard came and made us leave . . .
>
> I'm having problems seeing out of my left eye. I[']ve been to two eye doctors.

Compl. (Doc. 1) at 3.

Notably, Plaintiff does not point to a federal law under which he seeks to bring his claim. Further, he does not allege the requisite allegations for diversity jurisdiction—*i.e.*, that his requested relief exceeds $75,000.00, or that the parties to this action are diverse.

---

[1] As an initial matter, the undersigned notes that, although Plaintiff's complaint is based upon an altercation that occurred at Wind Creek Casino (which is Indian trust land) tribal jurisdiction is not an issue in this action. (*See Oklahoma Tax Com'n v. Sac and Fox Nation*, 508 U.S. 114, 123 (1993), recognizing "Congress has defined Indian Country broadly to include formal and informal reservations, dependent Indian communities, and Indian allotments, whether restricted or held in trust by the U.S.). In *Montana v. U.S.*, 450 U.S. 544, 565 (1981), the Supreme Court noted—absent express authorization by federal statute or treaty—a "general proposition that the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." The Court explained the limited circumstances a tribe may exercise "inherent sovereign power . . . of civil jurisdiction over non-Indians on their reservation . . . [including] regulat[ing] through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members . . .[or] excercis[ing] civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *See, e.g., Strate v. A-1 Contractors,* 520 U.S. 438 (1997) (affirming a judgment of the Court of Appeals for the Eighth Circuit that a car accident involving non-Indians on tribal land did not fall under the civil jurisdiction of the tribal court).

Nonetheless, the undersigned has carefully reviewed Plaintiff's complaint and finds that, regardless of Plaintiff's failure to properly invoke the court's jurisdiction, the court does not have subject matter jurisdiction over Plaintiff's claim. Consequently, the undersigned concludes that Plaintiff's complaint is due to be dismissed prior to service of process.

*Federal Question Jurisdiction*

First, applying a liberal construction of the complaint, Plaintiff cannot establish subject matter jurisdiction based upon a federal question. Pursuant to § 1331, federal district courts exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." The federal question at issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). That is, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).

Plaintiff does not allege in his complaint that his constitutional rights have been violated, or that his claim arises under any federal law. *See* Compl. (Doc. 1) at 2 (noting that the section of Plaintiff's form complaint requesting Plaintiff to identify the grounds on

which he bases his allegation that his constitutional rights are being violated is blank). Instead, Plaintiff's asserts a claim that, at best, is in the nature of a state-law tort action for battery or assault. Indeed, the altercation that forms the basis of Plaintiff's complaint in no way implicates a federal issue. Nor does the security guard's request for the two parties to leave the premises after the altercation. Nor do Plaintiff's visits to the eye doctor regarding his alleged injury. Therefore, because Plaintiff's complaint, on its face, does not raise a federal question, and the undersigned cannot conceive of a way that it could, this court lacks federal question jurisdiction to hear Plaintiff's claim.

*Diversity Jurisdiction*

Having not asserted a federal question, the undersigned turns to whether diversity jurisdiction exists. As previously noted, diversity jurisdiction requires the plaintiff to establish that the parties are completely diverse *and* that the amount in controversy is more than 75,000.00. *See MacGinnitie v. Hobbs Grp., LLC,* 420 F.3d at 1239; *see also McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (stating "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). With regards to the complete diversity requirement, "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Put simply, no plaintiff and no defendant may be domiciled in the same state in order for "complete diversity" to exist. For adults, domicile is established by physical presence in a particular state with the

intention to remain in that state. *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954).[2] While domicile is not necessarily synonymous with residence, "the place of residence is prima facie [evidence of] the domicile." *Id.*

Plaintiff has not alleged that the value of his claim exceeds $75,000.00 or that the parties are completely diverse. With regards to the amount in controversy, the undersigned notes that Plaintiff's complaint states that he is having trouble seeing out of his left eye, and that he has seen two eye doctors because of his injury. *See* Doc. 1 at 3. However, from the minimal amount of facts asserted by Plaintiff, it does not appear to be facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Further, Plaintiff's complaint fails to allege the complete diversity of the parties and instead suggests facts to indicate that the parties are both domiciled in the same state. *See* Compl. (Doc. 1) at 2, 5 (noting that Plaintiff provides Defendant's address to be in Montgomery, Alabama, and his own address to be in Greenville, Alabama.) Clearly, from the addresses provided in Plaintiff's complaint, both parties are residents of Alabama, and with no facts alleged to the contrary regarding the parties' intent to remain, the undersigned presumes that both parties are domiciled in Alabama. *See Stine v. Moore*, 213 F.2d at 448 (noting that place of residence "is prima facie [evidence of] the domicile.") Therefore, because Plaintiff has not satisfied either prong of the diversity jurisdiction

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc)*, the Eleventh Circuit adopted as binding precedent all holdings of the Fifth Circuit prior to October 1, 1981.

6

analysis, the undersigned concludes that the court lacks subject matter jurisdiction over Plaintiff's claim based upon 28 U.S.C. § 1332.

For the reasons stated above, the undersigned concludes that this court does not have subject matter jurisdiction to hear Plaintiff's claim. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint (Doc. 1) be DISMISSED prior to service of process, pursuant to Fed. R. Civ. P. 12(h)(3).[3] It is

ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before February 10, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

---

[3] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend his complaint. The undersigned believes that requesting such amendment would be futile because the core of Plaintiff's complaint—that an altercation occurred between Plaintiff and Defendant causing damage to Plaintiff's left eye—are factual allegations which are incapable of being crafted into a viable federal claim. Further, Plaintiff has not established the requisite diversity jurisdiction for the court to hear his claim. Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance. *See, e.g.*, *Cornelius v. Bank of Am. NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.")

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any dismissal of the complaint.

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec. Inc.,* 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 27th day of January, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE